IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHAD ALLEN UPTERGROVE, #683604 | § | |
| | § | |
| v. | § | Civil Action No. 4:18cv586 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## **ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Christine A. Nowak. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The Magistrate Judge recommended the petition for writ of habeas corpus be dismissed with prejudice. Petitioner filed objections.

Petitioner first states that it took him "more than twenty years to discover that the State made a deal with his codefendant, Terry Abbott, to testify against him in exchange for the State waiving the death penalty against Abbott." (Dkt. # 28, p. 1). Petitioner argues that Abbott agreed to testify against Petitioner directly in exchange for a waiver of the death penalty. The record does not support Petitioner's assertion. As the Magistrate Judge correctly noted, although the record reflects that Abbott agreed to testify against Petitioner, there is no evidentiary support for Petitioner's conclusion, beyond Petitioner's own affidavit, that Abbott testified against him because the State had waived the death penalty. The record also reflects that prior to trial, counsel requested that the State prepare a memorandum setting out any offers of immunity or promises of leniency extended to any person called as a witness by the State. (Dkt. # 16-22, p. 4). At the guilty plea hearing, the prosecutor merely

states that he was not seeking the death penalty. (Dkt. # 10-1, p. 10).

Moreover, even if the Magistrate Judge erred in finding that there is no evidence that Abbott agreed to testify against Petitioner directly in exchange for a waiver of the death penalty, Petitioner has failed to demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of the alleged new evidence. *Schlup v, Delo*, 513 U.S. 298, 327 (1995). Petitioner submitted an affidavit of Stephen A. Jeffcoat. (Dkt. # 10-4). Mr. Jeffcoat avers that he was a juror at Petitioner's trial. He also attests that if he had known at the time of jury deliberations that "Abbott had agreed to testify against Chad [Petitioner] directly in exchange for the State of Texas waiving the death penalty" he would have voted not guilty." (Dkt. # 10-4, p.3). However, because there is no evidentiary support for Petitioner's claim that Abbott agreed to testify against Petitioner directly in exchange for a waiver of the death penalty conclusion, Mr. Jeffcoat's affidavit fails to demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of the alleged new evidence.

Petitioner next argues that Abbott perjured himself because he testified at his plea hearing that he struck the complainant with a stick, yet testified at Petitioner's trial that he entered the complainant's store without any weapons. However, as the Magistrate Judge correctly noted, under the law of parties, the State only had to prove that Petitioner aided in the robbery and Abbott intentionally killed the complainant.

Petitioner objects to the Magistrate Judge's failure to find that he is actually innocent. The Magistrate Judge correctly found that Abbott's guilty plea transcript fails to establish Petitioner's actual innocence because it is not new reliable evidence. Both Petitioner and his counsel knew that Abbott had made a plea bargain.  In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme

Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [even if] the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Hancock v. Davis*, 906 F.3d 387, 389–90 (5th Cir. 2018). In order for evidence to constitute new evidence that can support a claim of actual innocence and allow a petitioner to overcome the limitations period, it must have been unknown to counsel and not discoverable with reasonable investigation. *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018). In this case, a reasonable attorney would have been on notice that a transcript of the guilty plea hearing existed. *See Blackmon v. Davis*, 909 F.3d 772, 780 (5th Cir. 2018) (reasonable attorney would have been on notice that a transcript of 911 call might have existed). Additionally, as the Magistrate Judge noted, there is no evidentiary support for Petitioner's argument that the State had waived the death penalty as part of Abbott's plea bargain. Thus, the guilty plea transcript does not constitute "new" evidence under *Schlup*, 513 U.S. at 324.

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir.1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir.1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir.1986). The federal courts do not function as super appellate courts over the states to review errors under state law. *Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981).

In conclusion, Petitioner fails to provide a valid basis for his objections, or demonstrate how

the Magistrate Judge's recommendation is incorrect. After reviewing the Report and Recommendation and conducting a *de novo* review of objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** the petition for writ of habeas corpus (Dkt. # 1) is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 30th day of July, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE